**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| CARL LUJAN, | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| v. | |
| | **Case No. 2:09cv56** |
| SECRETARY OF VETERANS AFFAIRS, et al., | **District Judge Dale A. Kimball** |
| **Defendants.** | **Magistrate Judge Paul M. Warner** |

Carl Lujan ("Plaintiff") filed a complaint against the Secretary of Veterans Affairs (the "Secretary"); the United States Department of Veterans Affairs (the "VA"); the United States Attorney for the District of Utah, Brett L. Tolman; the State of Utah; Karen Knall; Dan Calder; and Bob Dolan (collectively, "Defendants") alleging violations of 38 U.S.C. §§ 6106 and 6107 regarding his veterans' benefits. Plaintiff applied for and was granted permission to proceed in forma pauperis under 28 U.S.C. § 1915 (the "in forma pauperis statute").[1] Plaintiff's case is now before the court for screening of the complaint pursuant to the in forma pauperis statute, as well as for Plaintiff's motion for service of process.[2]

Whenever the court authorizes a party to proceed without the prepayment of fees under the in forma pauperis statute, the court is required to "dismiss the case at any time if the court

---

[1] *See* docket no. 2.

[2] *See* docket no. 4.

determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  Furthermore, it is well settled that the court has a duty to raise and determine sua sponte under rule 12 of the Federal Rules of Civil Procedure whether subject matter jurisdiction exists in a particular case.  *See* Fed. R. Civ. P. 12(b)(1), (h)(3); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  "A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking."  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  "Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof."  *Penteco Corp. v. Union Gas Sys. Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

To satisfy that burden, Plaintiff contends that this court has jurisdiction pursuant to 28 U.S.C. § 1331, federal question jurisdiction.  Specifically, Plaintiff alleges that he is "seeking [a] ruling on certain laws arising under the Veterans Administration Affairs" and that "this [c]ourt has subject matter jurisdiction because, again, the causes of action . . . Plaintiff alleges against . . . Defendants arises [sic] under . . . the . . . laws of the United States."[3]  Plaintiff alleges that he "requested $900.00 for . . . Plaintiff's dependant's tuition and $500.00 for his rent, so he could attend Utah Valley University this winter semester" but "[a]fter a lengthy time, with no communication with the fiduciary, . . . Plaintiff's requests were adamantly denied without any

---

[3] Docket no. 3 at 2 (fifth and sixth alterations in original).

explanation" in violation of 38 U.S.C. § 6106(b).[4]  Plaintiff further alleges that his fiduciary

misused his benefits in violation of 38 U.S.C. § 6107 and seeks the payment of his veterans'

benefits directly to him, rather than to his fiduciary because his fiduciary has "too many

cases to make it practicable to handle . . . Plaintiff's case properly."[5]

Congress enacted the Veterans Judicial Review Act of 1988 (the "VJRA"), which

"established a multi-tiered framework for the adjudication of claims regarding veterans benefits."

*Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997).  Under 38 U.S.C. § 511,

> The Secretary shall decide all questions of law and fact necessary to a decision by
> the Secretary under a law that affects the provision of benefits by the Secretary to
> veterans or the dependents or survivors of veterans.  Subject to subsection (b), the
> decision of the Secretary as to any such question shall be final and conclusive and
> may not be reviewed by any other official or by any court, whether by an action in
> the nature of mandamus or otherwise.

38 U.S.C. § 511(a).  Section 511(b) sets forth specific statutes exempted from § 511(a), none of

which apply in the instant case.[6]  Once the Secretary has issued a decision regarding benefits, a

claimant may appeal to the Board of Veterans Appeals (the "BVA").  *See id.* § 7104.  Upon

---

[4] *Id.* at 3.

[5] *Id.* at 7.

[6] 38 U.S.C. § 511(b) provides:
(b) The second sentence in subsection (a) does not apply to-
(1) matters subject to section 502 of this title;
(2) matters covered by sections 1795 and 1984 of this title;
(3) matters arising under chapter 37 of this title; and
(4) matters covered by chapter 72 of this title.
38 U.S.C. § 511(b).

review of the Secretary's decision, the BVA will either issue the final decision of the Secretary or

remand the claim to the Secretary for further development and subsequent appeal.  *See id.*

Through the VJRA, Congress established an Article I court, the Court of Appeals for Veterans

Claims (the "CAVC"), which has exclusive jurisdiction over appeals from the final decisions by

the BVA.  *See id.* § 7252(a) ("The [CAVC] shall have exclusive jurisdiction to review decisions

of the [BVA].").  The Court of Appeals for the Federal Circuit (the "Federal Circuit") has

exclusive appellate jurisdiction over decisions of the CAVC.  *See id.* § 7292(c) ("The . . . Federal

Circuit shall have exclusive jurisdiction to review and decide any challenge to the validity of any

statute or regulation or any interpretation thereof brought under this section, and to interpret

constitutional and statutory provisions, to the extent presented and necessary to a decision.").  If

necessary, a claimant may petition the United States Supreme Court to review the decision of the

Federal Circuit.  *See id.* § 7291.

Because Plaintiff's complaint seeks review of a decision regarding his veterans' benefits,

this court lacks subject matter jurisdiction over Plaintiff's claims.  *See Weaver v. United States*,

98 F.3d 518, 519 (10th Cir. 1996) (noting that under federal law, veterans' benefit claims and the

VA's administrative "decisions are unreviewable in the federal courts").  Plaintiff brings his

claims under 38 U.S.C. §§ 6106 and 6107, which "are two of the many laws that affect 'the

provision of benefits by the Secretary to veterans' and are not exempted from the exclusivity of

the VJRA in 38 U.S.C. § 511(a)."  *Harris v. Dep't of Veterans Affairs*, No. Civ.A. 05-492, 2006

WL 827830, at *4 (W.D.Pa. March 30, 2006) (quoting 38 U.S.C. § 511(a)).  Adjudicating

Plaintiff's claims "would require this [c]ourt to second-guess decisions made by the VA and its consideration of factual and legal conclusions concerning Plaintiff's veterans['] benefits." *Id.*

Based on the foregoing, Plaintiff's complaint is hereby **DISMISSED** with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  As such, Plaintiff's motion for service of process is **MOOT**.

**IT IS SO ORDERED.**

DATED this 11th day of September, 2009.

BY THE COURT:

DALE A. KIMBALL
United States District Judge